THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TODD KENNETH HOROB,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>JUDGE SUSAN P. WATTERS,<br><br>　　　　　　　Defendant. | CASE NO. CV-17-00135 RJB-TJC<br><br>ORDER ON FINDINGS AND RECOMMENDATIONS AND OTHER MOTIONS |

　　　This matter comes before the Court on the Findings and Recommendations ("Report") of U.S. Magistrate Judge Timothy J. Cavan. Dkt. 15. The Court has considered the pleadings filed regarding the report and the remaining record.

　　　On October 6, 2017, Plaintiff, a *pro se* prisoner in federal custody at the Federal Correction Complex Allenwood Low in White Deer, Pennsylvania, filed a proposed complaint and application to proceed in *forma pauperis* ("IFP"). Dkt. 1. In his proposed complaint, Plaintiff asserts that U.S. District Judge Susan P. Watters has held him "in false custody," and as a result, he was sexually assaulted. *Id.*

ORDER ON FINDINGS AND RECOMMENDATIONS AND OTHER MOTIONS - 1

On November 29, 2017, the Report was issued from the United States Magistrate Judge assigned to the case. Dkt. 15. The facts and procedural history are in the Report (Dkt. 15, at 1-2) and are adopted here. The Report recommends dismissal of the case because Judge Watters is entitled to absolute judicial immunity and because Plaintiff's claims challenge the fact or duration of his confinement, and so are barred by *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Dkt. 15. Plaintiff was given fourteen days to file objections. *Id.*

On December 4, 2017, Plaintiff filed a "Motion to Proceed," in which he asserted that Judge Watters "lied to hold [him] in federal custody." Dkt. 17. On December 5, 2017, Plaintiff filed a "Motion to the Court for Help," alleging that the prison has denied him necessary medical care and food. Dkt. 18. Plaintiff also reiterated his claim that Judge Watters lied and he uses various slurs against her. *Id.* He maintained that Judge Watters wants him to die, which is why he is getting no medical attention. *Id.*

On December 12, 2017, Plaintiff filed a motion for extension of time to file objections to the Report and Recommendation. Dkt. 20. Plaintiff asserted that he has "a very serious medical condition . . . [he] is starving and is in a lot of pain from the assault." *Id.* He maintained that he "can't object in this kind of condition," and so "demands extension to object." *Id.*

On December 13, 2017, the case was reassigned to the undersigned. Dkt. 21.

Plaintiff's first motion for an extension of time to file objections was granted, and he was given until January 5, 2018 to file his objections, if any. Dkt. 22. The Report, (Dkt. 15), and the other pending motions, "Motion to Proceed," (Dkt. 17) and the "Motion to the Court for Help" (Dkt. 18) were renoted for consideration for January 5, 2018. *Id.*

On January 2, 2018, Plaintiff filed a "Motion for Video Hearing," so that Plaintiff could explain why Judge Watters can be sued. Dkt. 24. He makes reference to filing another "§ 2255

petition." *Id.* That same day, Plaintiff filed a "Motion for Extension," stating that he "is in Terre Haute in being transported for medical attention" and needs more time to file objections. Dkt. 23. He did not specify how much time he needed to file the objections. *Id.*

Plaintiff's "Motion for Extension" (Dkt. 23) was granted, and he was given to January 26, 2018, to file objections, if any to the Report. Dkt. 25.

On January 12, 2018, Plaintiff filed this third motion for extension of time. Dkt. 27. In this motion, Plaintiff stated "objection is due Jan – 5 – 2018." *Id.* He again stated that he "cannot object by Jan – 5- 2018" because he was "being transferred for medical care," and was "unable to file objection at this time because of medical condition." *Id.* He asked for an "extension to object." *Id.*

On January 16, 2018, Plaintiff's third motion for an extension of time to file objections (Dkt. 27) was denied. Dkt. 28. Plaintiff was reminded that his objections, if any, were due by January 26, 2018. *Id.*

On January 22, 2018, Plaintiff filed a notice of change of address. Dkt. 29. He requested that the Clerk of the Court send copies of orders from the case. *Id.* Plaintiff also noted that "objections still needs to be filed." *Id.*

That same day, the Clerk of the Court mailed Plaintiff copies of the three orders issued in the case since the case was assigned to the undersigned (Dkts. 22, 25 and 28) at Plaintiff's new address.

On January 31, 2018, Plaintiff filed a Motion to Amend Complaint (Dkt. 30). In this motion, Plaintiff states that he has not heard from the Court regarding his motion for extension of time, and has been unable to file objections because of his transfer. *Id.* He further moves to amend his complaint to add the United States of America because it "is responsible to pay Judge

Susan P. Watters damages to Todd Horob." *Id.* Plaintiff asserts that Judge Watters is a liar, and that the "United States District Court of Billings Montana is unsafe to the public." *Id.* Plaintiff maintains that "the public is concerned." *Id.*

**Report**. The Report (Dkt. 15) should be adopted and the case dismissed. As provided in the Report, all claims asserted against the Defendant, Judge Watters should be dismissed with prejudice. Judge Watters has absolute judicial immunity against all claims asserted here. Further, Plaintiff's claims implicate the fact or duration of his custody and so are barred by *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994).

Plaintiff has been afforded multiple opportunities to file objections. Instead, he filed multiple motions. The Report (Dkt. 15) should be adopted. Further waiting for objections is not justified.

**Consideration of Remaining Motions**. The pending motions, "Motion to Proceed," (Dkt. 17), the "Motion to the Court for Help" (Dkt. 18), and "Motion for Video Hearing" (Dkt. 24) should be denied as moot. Further, the Motion to Amend Complaint should be denied as moot because it attempts to hold the United States liable for the actions of Judge Watters (who is entitled to absolute judicial immunity).

It is **ORDERED** that:

- The Findings and Recommendations (Dkt. 15) **ARE ADOPTED**;
- This case **IS DISMISSED**; and
- Plaintiff's "Motion to Proceed" (Dkt. 17), "Motion to the Court for Help" (Dkt. 18), "Motion for Video Hearing" (Dkt. 24) and Motion to Amend Complaint (Dkt. 30) **ARE DENIED AS MOOT.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 1st day of February, 2018.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge